UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JOHN GUNARTT ] Case No. 06-cv-00273
                          ]
   Appellant, ] Honorable Judge Matthew F. Kennelly
                          ] Pending Hearing Date: February 23, 2006
vs.                  ] 9:30 a.m.
                          ] Courtroom 2103
FIFTH THIRD BANK, ]
                          ]
   Appellee, ]

FILED
FEB 21 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**RESPONSE OF PRO SE APPELLANT, JOHN GUNARTT, TO FIFTH THIRD BANK'S MOTION TO STRIKE THE ALLEGED FACTS AS SET FORTH IN THE LEAVE TO APPEAL, FILED PRO SE, BY JOHN GUNARTT, ON JANUARY 3, 2006 AND THE STATEMENT OF ISSUES ON APPEAL, FILED BY JOHN GUNARTT ON FEBRUARY 9, 2006**

   Now Comes the Pro Se Appellant, John Gunartt, with his response to the Motion of Fifth Third Bank, to strike the allegations/facts as set forth in the Leave to Appeal filed by Pro Se Appellant, John Gunartt, on January 3, 2006 and the issues alleged in the statement of Issues on Appeal, filed on February 9, 2006, by Pro Se Appellant, John Gunartt, states as follows:

   1. The Movant contends: that none of the allegations/facts set forth in the Leave to Appeal, filed on January 3, 2006, by Pro Se Appellant, John Gunartt or the issues alleged in the Statement of Issues on Appeal filed on February 9, 2006 by the Pro Se Appellant, John Gunartt, are or can be part of the record from the District Court as the allegations/facts and issues were never presented or adjudicated by the Bankruptcy Court. If they had been presented to the Bankruptcy Court, the allegations/facts and issues are not true in substance or in fact and they are not relevant to the appeal.

1a. The Appellant's reply: the facts and evidence in the form of the various exhibits that has been presented, **prove** that the **allegations are true and are relevant to the appeal**, because the entire proceedings from the beginning, are what lead to the **bankruptcy and appeal**, the proceedings are based on fraud, that has been committed upon the appellant and the court. "Fraud upon the court" makes void the orders and judgments of that court. It is also clear and well-settled Illinois Law that any attempt to commit "fraud upon the court" vitiates the entire proceeding. The People of the State of Illinois v. Fred E. Sterling, 357 Ill. 354; 192 N.E. 229 (1934)

   2. The Movant contends: The Pro Se Leave to Appeal, filed by John Gunartt is from "The order of the bankruptcy judge denying the motion of John Gunartt to vacate the order converting John Gunartt's Chapter 11 case to a case under Chapter 7 or in the alternative to dismiss the debtor's bankruptcy proceedings. The Order was entered on November 16, 2005."

   2a. The Appellant's reply: Fifth Third Bank, did not have the authority to convert the Chapter 11 to a Case under Chapter 7, liquidation. The bank's Summary Judgment of Foreclosure, was Vacated on June 7, 2005, the bank's claim is based on fraud.

3. The Movant contends: that a Minute Order was entered by the Bankruptcy Court on December 22, 2005 denying the motion of the Bankrupt, John Gunartt, to reconvert to a Chapter 11 or to dismiss for reasons stated in the record.

3a. The Appellant's reply: The Bankrupt John Gunartt, was forced into bankruptcy, because of a fraudulent foreclosure and breach of contract, by Fifth Third Bank, the Filed Complaint of foreclosure, by Fifth Third Bank, do not have the first requirement, of the "Illinois Foreclosure Law" which is, before foreclosing on a borrower, the borrower must first have a default and be given proper, notice of default, thereby allowing the borrower to exercise his "Right of Due Process" and the opportunity to correct any defaults.

3b. The facts and evidence of the various exhibits that has been presented, will show proof that fraud has been committed upon the borrower and the court. (The Minute Order that was entered by the Bankruptcy Court on December 22, 2005, should not be allowed to stand) "fraud upon the court" makes void the orders and judgments of that court.

4. The Movant contends: the basis for the Bankruptcy Court's denial of the motion to reconvert to a Chapter 11 or to dismiss, was based on the finding of the Court, that the debtor's plan was not feasible, it was illusory and that creditors could not be adequately protected.

4a. The Appellant's reply: Fifth Third Bank's concerns for creditors being adequately protected, are false and misleading, because Fifth Third Bank, has converted the Chapter 11 to a Case under Chapter 7 liquidation. The debtor's appraisals will show the "As Is" value of the estate, will pay all secured creditors 100% of what is owed to each and have more than $300,000.00 left as an equity cushion. The Chapter 7 liquidation will be sold to investors for pennies on the dollar, thereby allowing only a portion of payment to Fifth Third Bank, no other creditors or the debtor will receive anything.

4b. The Appellant, further states that the facts and evidence in the various exhibits, of which Fifth Third Bank, is requesting the court to strike, is proof to show that no secured creditors have a valid claim, for liquidation, there are no reasons for accelleration of their mortgage. Exhibit # 1, which is the committment letter and is part of the Issues in the Statement of Issues on Appeal, will show that in the original structure of the loan contract with Fifth Third Bank, there is a Mortgage, with payments that were amortized over 30 years.

4c. The Appellant, further states that the other secured creditor is Washington Mutual, which has a mortgage, with payments amortized over 30 years. The debtor's credit report, through the date of filing the petition, will show that he has never had a late or missed payment to any creditors, including Fifth Third Bank, for more than 30 years, all payments to each creditor was current through the date of filing the petition. If allowed, the borrower will receive atleast $3,000.00, per month in rent payments from the completed commercial spaces, for monthly payments to the creditors. If allowed under Chapter 11, he will resume sale of the six completed condo units, that could wipe out all debt to each creditor, there are two purchasers, (that received court approval, while still in the Chapter 11) that has purchased two of the 6 condo units and should have closed on the sales in mid January 2006, for immediate pay-off to any creditor.

5. Throughout the proceedings, the Movant, has shown a pattern for disregarding the FRBP Rules and has not given the proper 20 day notice to the debtor, when filing his motions. The Movant's present Notice and various other previous Notices by the Movant has been given with a very short Notice, less than a 20 day Notice, without showing special cause.

      5a. A **Short Notice**, (without special cause) was filed by Fifth Third Bank, for the hearing on November 16 2005, **(with only an 8 day Notice)** when the debtor's Chapter 11 was converted, to a Case under Chapter 7 liquidation.

      5b. The Short Notice and hearing, on November 16, 2005, granted the Order that allowed the conversion to take place, just 2 days prior to the debtor receiving his appraisals to show that the property is worth far more than 100% of payments to all creditors, if allowed to continue under Chapter 11. "Fraud upon the court" continues, no court decisions received, should be allowed to stand.

WHEREFORE, The Pro Se Appellant, John Gunartt, request that the court do not strike any of the Movant's requested issues, because they are relevant to the Appeal and are proof with evidence to show that fraud has been committed upon the court. The Movant, throughout the proceedings has used the lawful means of the courts, to accomplish their unlawful decisions.

By: _____
     Pro Se Appellant, John Gunartt


John Gunartt
414 South Scoville
Oak Park, IL 60302
708-383-1288

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOHN GUNARTT | Case No. 06-cv-00273 |
| Appellant, | Honorable Judge Matthew F. Kennelly |
| | Pending Hearing Date: February 23, 2006 |
| vs. | 9:30 a.m. |
| FIFTH THIRD BANK, | Courtroom 2103 |
| Appellee, | |

FILED
FEB 2 1 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### NOTICE OF FILING

TO:   SEE ATTACHED SERVICE LIST.

   PLEASE TAKE NOTICE that on the 21st day of February 2006, The Pro Se, Appellant, John Gunartt, have filed with the United States District Court, Northern District of Illinois, Eastern Division, His Response to Fifth Third Bank's Motion to strike the allegations/facts as set forth in the Leave to Appeal filed by the Pro Se Appellant, John Gunartt, on January 3, 2006 and the Statement of Issues on Appeal filed by Pro Se Appellant John Gunartt, on February 9, 2006.

By: _____
   Pro Se Appellant, John Gunartt


John Gunartt
414 South Scoville
Oak Park, IL 60602
708-383-1286


### PROOF OF SERVICE

   I, John Gunartt, the undersigned pro se, appellant, on oath state, I will service the notice by depositiong in regular mail, on February 21st, 2006, at Madison Street and East Avenue, a copy was sent to persons named, in the service list.

By: _____
   Pro Se Appellant, John Gunartt

**SERVICE LIST**

Jerold Shapiro
Kamm & Shapiro
318 W. Adams Street
Suite 1700
Chicago, IL 60606


United States Trustee
Office of the United States Trustee
227 W. Monroe Street
Suite 3350
Chicago, IL 60606


Norman Newman
Much, Shelist, Freed, Denenburg, Ament & Rubenstein
191 North Wacker Drive, Suite 1800
Chicago, IL 60606


William S. Hackney
Much, Shelist, Freed, Denenburg, Ament & Rubenstein
191 North Wacker Drive, Suite 1800
Chicago, IL 60606