# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOHN GUNARTT,<br><br>                Appellant,<br>vs.<br><br>FIFTH THIRD BANK,<br><br>                Appellee. | Case No. 06 CV 00273<br><br>The Honorable Judge<br>Matthew F. Kennelly<br>Court Room 2103 |

## BRIEF OF THE APPELLEE

On appeal from the United States Bankruptcy Court, Northern District of Illinois – Eastern Division

Case No. 05B 25498

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOHN GUNARTT,<br>                Appellant,<br>vs.<br>FIFTH THIRD BANK,<br>                Appellee. | Case No. 06 CV 00273<br><br>The Honorable Judge<br>Matthew F. Kennelly<br>Court Room 2103 |

### NOTICE OF FILING

**TO:**  John Gunartt, 414 S. Scoville, Oak Park IL 60302

      Norman Newman, Much, Shelist, Freed, Denenburg, Ament & Rubenstein
      191 N. Wacker Drive – Suite 1800, Chicago IL 60606

      Richard Craig Friedman, U.S. Department of Justice- Office of the United States Trustee
      227 West Monroe Street, Suite 3350, Chicago, IL 60606

### CERTIFICATE OF FILING and SERVICE

      The undersigned, being the attorney of record for the party heretofore designated hereby certifies that on April 19, 2006, he caused to be electronically filed with the U.S. District Court for the Northern District of Illinois, Eastern Division, the Brief of Appellee and did, on that date, cause to be mailed and served a copy of the Brief of Appellee on all parties to whom this notice is addressed, said mailing having been made by placing a copy in an envelope properly addressed with postage paid and depositing same in the U.S. Mail at 318 W. Adams, Chicago IL on the date aforesaid.

                                                                Jerold Jay Shapiro
                                                                Attorney for Appellee

KAMM & SHAPIRO LTD.
318 W. Adams Street, Suite 1700
Chicago IL 60606
Phone: (312) 726-9777
Fax 312-726-9550

clean TOC

# TABLE OF CONTENTS

INDEX OF AUTHORITIES .................................................... ii

BASIS OF APPELLATE JURISDICTION ...................................... iii

STATEMENT OF ISSUES and STANDARD FOR REVIEW ...................... 1

STATEMENT OF THE CASE ................................................ 2

NATURE OF THE CASE .................................................... 2

STATEMENT OF FACTS ................................................... 2

ARGUMENT ............................................................. 5

ARGUMENT and SUMMARY .............................................. 5

I.   The Bankrupt Waived or Forfeited His Right to: (a) Object to the Shortened Notice of the Motion to Convert, (b) File a Written Response, (c) Ask for a Hearing to Determine Whether the Notice Should Be Shortened and (d) Present Additional Documentary Evidence When He Proceeded to a Full Oral Argument Without Objection or Any Request To File a Written Response Or Motion to Continue. ............................................... 5

II.  The Value of the Real Property Constituting the Bankruptcy Estate Has No Bearing On the Propriety Of Bankruptcy Court's Order to Convert ...... 7

III. The Shortening of the Notice of Motion to Convert Even If an Abuse of Discretion Was Harmless Error ............................................ 8

IV.  The Bankruptcy Court's Findings Were Sufficient To Constitute Cause to Convert Under 11 USC 1112(b) ............................................ 9

CONCLUSION ........................................................... 10

## **INDEX OF AUTHORITIES**

**CASES** PAGE

**TABLE OF CASES:**

Gonic Realty Trust,
    909 F 2d 624 (1st Circ., 1990) .................................. 2, 8, 9

Kontrick v. Ryan,
    540 U.S. 443, 124 S. Ct 906 (2004) .................................. 5, 6

Running and Tri-Central Financial, Inc.,
    1990 WL 304246 (N.D. Ill.) .................................. 2

Sandra Cotton, Inc.,
    65 BR 153 (W.D. NY 1986) .................................. 8

MGIC Indemnity Corporation v. Moore,
    952 F; 2d 1120 (9th Cir., 1991) .................................. 8, 9

**STATUTES:**

11 USC 1112(b) .................................. 7, 9

11 USC 1112 (b)(i) .................................. 7

11 USC 1129 (a)(11) .................................. 9

**TREATISES:**

Collier on Bankruptcy, 15th Ed. Revised, Vol. 7, ¶1112.04(1) .................................. 7

Collier on Bankruptcy, 15th Ed. Revised, Vol. 7, ¶1112.04(3) .................................. 9, 10

Collier on Bankruptcy, 15th Ed. Revised, Vol. 7, ¶1112.04 (4)(a) .................................. 9

Collier on Bankruptcy, 15th Ed. Revised, Vol. 7, ¶1112.04 (5)(b)(iii)(c) .................................. 9

## STATEMENT OF BASIS OF APPELLATE JURISDICTION

Appeal as of right from order of bankruptcy judge converting cause from Chapter 11 to Chapter 7 pursuant to 28 USC §158 (a) (1).

## STATEMENT OF ISSUES AND STANDARD FOR REVIEW

### ISSUES

1. When his counsel proceeded to a full hearing on the merits without ever objecting to the shortened notice of Motion to Convert, requesting leave to file a written response or requesting a continuance, did the bankrupt waive or forfeit:

    a. any right to object to Fifth Third Bank's shortened notice of motion to convert,

    b. any right to file a written response,

    c. any right to a hearing on whether the notice provision for presenting the Motion to Convert should be shortened,

    d. any right to present additional documenting evidence?

2. Does the appraised value of the real property constituting the sole asset of the estate have any bearing on the propriety of the Bankruptcy Court's Order to Convert.

3. Disregarding whether the Bankrupt waived or forfeited his right to a 20-day notice of the Motion to Convert, was the shortening of the notice period harmless error?

4. Did the Bankruptcy Court find sufficient cause to convert the case from Chapter 11 to Chapter 7?

### STANDARD FOR REVIEW:

With regard to the bankruptcy court's findings of fact, the district court disturbs them only if they are clearly erroneous.

Questions of law or mixed questions of law and fact are reviewed independently but a bankruptcy court's determination of cause to convert pursuant to Bankruptcy Code §1112 is

1

reviewed under an abuse of discretion standard. An abuse of discretion is shown only when no reasonable man could argue with the decision. In re Running and Tri-Central Financial, Inc., 1990 WL 304246 (N.D. Ill.) and In re Gonic Realty Trust, 909 F 2d 624 (1st Circ.,1990).

## STATEMENT OF THE CASE

### NATURE OF THE CASE

Debtor filed a voluntary Chapter 11. Two properties make up the assets of the estate: a six-unit building on which rehabilitation is essentially complete and a second building on which rehabilitation is incomplete. The debtor's plan proposes a complete liquidation.

This case is an appeal from an order of the Bankruptcy Court converting the case for cause to Chapter 7 and the Bankruptcy Court's refusal to subsequently vacate that order.

### STATEMENT OF FACTS

1. On November 8, 2005, Fifth Third Bank noticed a Motion to Convert to Chapter 7 to coincide with a previously scheduled status hearing on November 16, 2005. (Transcript of November 16, 2006, page 2.)

2. On November 16, 2005, the Bankrupt, Mr. Gunartt, and his counsel appeared for the status hearing and in response to the motion of Fifth Third Bank to convert. (Transcript of November 16, 2005, page 2.)

3. On November 16, 2005, Mr. Gunartt and his counsel participated in a full hearing on the merits on the Motion to Convert. They made no request to continue the matter, to file a written response or to have a hearing on the shortened notice before or during the entire hearing. The entire Transcript of the November 6, 2005 hearing supports this fact.

4. The Bankruptcy Court converted for cause: The Bankruptcy Court found that the

Chapter 11 Plan was illusory, that there was insufficient funding, that the Plan was unfeasable (November 16, 2005 Transcript, page 20, Line 12-14), that the Bankrupt was not serious about bankruptcy and that there was a lack of good faith. (December 22, 2005 Transcript, page 35, line 14 to top of page 36.)

    5.    The Bankruptcy Court did not consider diminution in value in determining that the case should be converted. (December 22, 2005 Transcript, page 28, line 17-23.)

    6.    The Bankruptcy Court denied Mr. Gunartt's Motion to vacate the Order of Conversion because issues of timeliness can be waived and Mr. Gunartt proceeded to hearing without objection and without asking for time to do or file anything else. (December 22, 2005 Transcript, page 34, line 24 to page 35, line 13.)

    7.    The debtor's monthly reports reflected little or no income and what income there was Mr. Gunartt's post bankruptcy earnings. (Monthly Reports.)

    8.    The Court had before it a plan of complete liquidation requesting one year to complete the liquidation. (The Plan)

    9.    Faced with a negative vote of the largest secured creditor, it was unlikely the plan could be confirmed. (November 16, 2005 Transcript, page 16, line 22 to page 17, line 10.)

    10.    The following matters were noted by the Bankruptcy Court or brought to the Bankruptcy Court's attention:

    a. Six units have been ready for occupancy since 2001. No closings have ever taken place. (November 16, 2005, Transcript, page 8, lines 6-13.)

    b. Debtor was to obtain a 45-day listing agreement, expiring November 16, 2005. Instead, he entered into a six-month agreement. (December 22, 2005, Transcript, page 20, line 17

3

to page 21, line 11.)

  c. Debtor never sought leave of court to sell units. (December 22, 2005 Transcript, page 22, lines 9-12.)

  d. Debtor's motion to vacate in the alternative, asked to dismiss his Chapter 11. (December 22, 2005 Transcript, page 25, lines 20-22.)

  e. Debtor changed positions each time an objection was raised. (December 22, 2005 Transcript page 35, lines 20-22.)

  f. Debtor asserted that proceeds of sale would allow him to keep the property on the market when use of cash collateral had already been denied. (November 16, 2005 Transcript, page 12, lines 5-17.)

  g. The debtor has no funds exist to complete the rehab of the uncompleted property. (November 16, 2005 Transcript, page 15, lines 17-21.)

## ARGUMENT

## SUMMARY

The Bankrupt appeals from the order converting the case to Chapter 7 and the refusal of the Bankruptcy Court to vacate the order. The Bankrupt claims that the Court converted the case without cause and improperly shortened the Notice of Hearing for conversion. The Bankrupt waived or forfeited any right to complain about shorter notice by participating in a full hearing on the merits of the motion without objection. Even if the shortened notice is improper, it is a harmless error since the matters the Bankrupt claims he now wishes to produce bear on an issue of diminution of value which was not the basis for the Order of Conversion. The Bankruptcy Court's order converting the case to Chapter 7 on the bases, among others, that the Plain is illusory and unfeasible, is correct.

I

**The Bankrupt Waived or Forfeited His Right to: (a) Object to the Shortened Notice of the Motion to Convert, (b) File a Written Response, (c) Ask for a Hearing to Determine Whether the Notice Should Be Shortened and (d) Present Additional Documentary Evidence When He Proceeded to a Full Oral Argument Without Objection or Any Request To File a Written Response Or Motion to Continue.**

The entire transcript of the November 16, 2005 hearing is conclusive evidence that the Bankrupt and his counsel proceeded with a full hearing on the merits of the Motion to Convert without objection or any request to continue or to file additional documents. In fact, this fact was admitted in the December 22, 2005 hearing. (December 22, 2005 Transcript, page 6, lines 6-8.) By participating in the hearing without objection Bankrupt waived or forfeited his right to do so at a later date.

The principal case dealing with waiver or forfeiture of time constraints set forth in the Bankruptcy Rules is Kontrick v. Ryan, 540 U.S. 443, 124 S. Ct 906(2004). In that case a creditor

filed an Amended Complaint objecting to discharge which raised a new claim after the 60 days (as extended) to file a claim had expired. The debtor failed to raise any objection to the untimeliness until long after the court ruled on the merits of the case. The Supreme Court held that the Bankruptcy Rule setting the time limit was a claim processing rule and not a jurisdictional matter and that the debtor had forfeited or waived his rights to object to the untimeliness by proceeding to a hearing on the merits.

As in the instant case, no statute specifies a time requirement and the time prescriptions were contained in the Federal Rules of Bankruptcy Procedure. The Supreme Court quoted favorably the language of the Seventh Court:

> The policy concerns of expeditious administration of bankruptcy matters and the finality of the bankruptcy court's decision hardly are fostered by requiring the bankruptcy court to consider the timelines of an issue that it already has adjudicated. Kondrick, pg. 452.

The Court went on say that

> The equation Kontrick advances overlooks a critical difference between a rule governing subject-matter jurisdiction and an inflexible claim-processing rule. Characteristically, a court's subject-matter jurisdiction cannot be expanded to account for the parties' litigation conduct; a claim-processing rule, on the other hand, even if unalterable on a party's application, can nonetheless be forfeited if the party asserting the rule waits too long to raise the point.
> Kondrick, pg. 456

The Supreme Court affirmed the decision of the Seventh Circuit and held that the debtor forfeited his right to assert the untimeliness by failing to raise the untimeliness until after adjudication on the merits.

As in Kondrick, the Bankrupt in this case wants to assert the untimeliness of the hearing after

proceeding to a full hearing on the merits when he did not ask for a continuance, object, or ask to file a written response. The Transcript of November 16, 2005 is totally bereft of any objection by Bankrupt's counsel or request to file a written answer or to continue the matter. The Bankrupt has forfeited his right to object to the timeliness of the Motion to Convert and the Bankruptcy Court properly so ruled when denied the Bankrupt's Motion to Vacate. December 22, 2005 Transcript, page 34, line 24 to page 35, line 13.

## II
### The Value of the Real Property Constituting the Bankruptcy Estate Has No Bearing On the Propriety Of Bankruptcy Court's Order to Convert

While diminution of the estate (11 USC 1112 (b) (i) is one example of cause to convert, it is far from the only basis to do so.

> The Code does not define the term "cause", and, although section 1112(b) lists ten examples of cause, this list is not exhaustive. Accordingly, the court may also convert or dismiss a case for reasons that are not specifically enumerated in the section, provided that these reasons are sufficient to demonstrate the existence of cause. Collier on Bankruptcy, 15th Ed. Revised, Vol. 7, ¶1112.04(1)

In this case, the Bankruptcy Court specifically entered the conversion order for reasons other than diminution of value. December 22, 2005 Transcript page 28, Lines 17-24.

**Mr. Shapiro:** Judge, there was no argument about...

**The Court:** Go right ahead

**Mr. Shapiro:** ...diminution in value. What was argued was that the plan was illusory. And what was also argued is that my client is impaired.

**The Court:** Right

Waiver and forfeiture aside (Section I hereof), diminution of value is a non-issue in this case and bankrupt's arguments pertaining to the purported deprivation of his right to offer evidence of value is meaningless for purposes of this appeal.

7

## III
## The Shortening of the Notice of Motion to Convert Even If an Abuse of Discretion Was Harmless Error

The Bankrupt's argument essentially is that he has been deprived of an opportunity to submit appraisals and contracts valuing the property at a higher figure than Fifth Third's appraisal.

Mr. Gunartt's reliance in re Sandra Cotton, Inc., 65 BR 153 (W.D. NY 1986) for this proposition is misplaced. In Cotton, as in the instant case, there was no motion to reduce the notice period and the court proceeded to hearing 15 days after the notice of motion to convert was given. Although the District Court found that the Bankruptcy Judge overstepped the discretion granted under the Rule to Shorten the Notice Period, the court denied the appeal and the conversion order stood. The District Court found that debtor had been represented by counsel and that any failure to present evidence was the debtor's own fault, that the debtor had been deprived of no rights and that the improperly shortened notice was harmless error. In the instant case, the debtor was represented by counsel and proceeded to a full hearing. No request was made to continue the hearing or to file a written response. Aside from the issue of waiver and forfeiture of the right to 20-day notice described elsewhere in the brief, the shortening of the notice time was at worst, harmless error.

Bankrupt's complaint is that he would, if permitted, present documentation bearing on the issue of diminution of value. As noted in Section II hereof, the order of conversion was not based on diminution of value. It follows that because the principal additional matters Mr. Gunartt wished to produce bore on the non-issue of diminution of value, shortening the redemption time was at worst, harmless error.

The two other cases cited by Bankrupt merit only a brief mention: In re Goric Realty Trust, 909 F2d 624 (1st Cir., 1990) and MGIC Indemnity Corporation v. Moore, 952 F; 2d 1120 (9th Cir., 1991) are totally inapt.

8

Goric is cited by the Bankrupt for the proportion that a Creditor must set forth unusual circumstance in a Motion to Shorten Notice. The case does not deal with shortened notice at all. It stands for the proposition that the Bankruptcy Court is not limited to the list of possible causes in 11 USC 1112(b) in making its determination of cause and also sets forth the Standard of Review (for which it has been cited by Fifth Third Bank).

MGIC Indemnity is cited by the Bankrupt in support of the proposition that the Bankruptcy Judge abused her discretion. The case has nothing to do with notice, bankruptcy or abuse of discretion at all. It is a sanctions case under Rule 11 ruling on an assertion that plaintiff in that case wrongfully kept a particular defendant in the lawsuit through trial.

## IV
**The Bankruptcy Court's Findings Were Sufficient To Constitute Cause to Convert Under 11 USC 1112(b).**

The Bankruptcy Court may order conversion for reasons that are not specifically enumerated in 11 USC 1112(b).

11 USC §1112(b) lists ten examples of bases for conversion. "[E]ach category defines in generic terms the general circumstances for the Chapter 11 process to proceed." Collier on Bankruptcy 15th Ed. Revised, Vol. 7, ¶1112.04 (3). "[S]ection 1112(b) is both non-exhaustive and discretionary." Collier on Bankruptcy, 15th Ed. Revised, Vol. 7, ¶1112.04 (3). "The bare goal of a Chapter 11, and the justification for its existence, is the salvage of viable business enterprises to prevent the dislocation and inefficiencies of liquidation." Collier on Bankruptcy 15th Ed. Revised, Vol. 7, ¶1112.04 (4)(a).

In order to be confirmed, a Chapter 11 plan must be feasible. 11 USC 1129 (a)(11).

If it becomes reasonably apparent that the debtor's business is too

> unstable to support a consistent payment stream under a plan, or is otherwise inadequate to support a reasonable plan, the court may conclude that the debtor lacks the ability to survive the confirmation process, and accordingly, that cause exists to convert or dismiss the case. Collier on Bankruptcy, 15th Ed. Review, Vol. 7, ¶1112.04 (5) (b) (iii) (C).

In the instant case, the court specifically found that the plan was not feasible.

Based on lack of funding, inability to complete rehabilitation of the unfinished building, the lack of any sales for five years, the debtor's failure to follow the court's orders and failure to seek leave of court to sell units, inconsistencies and flip flop of positions when challenged (see Statement of Facts), the court ordered conversion.

The Bankruptcy Court's determination that the Plan was illusory and unfeasible (November 16, 2006 Transcript, page 20, lines 12-14), that the only real issue was whether the debtor or trustee would sell (December 22, 2005 Transcript page 24, lines 4-6), that the debtor was not serious about bankruptcy and that the matter was not in good faith. (December 22, 2005 Transcript, pages 34, line 14 to page 36, line 14) are more than sufficient to support the Order of Confirmation.

In addition, the likelihood of confirming the Plain when the largest creditor is firmly opposed to the Plan makes it extremely unlikely that debtor's Plan could be confirmed and is another basis to convert the Plan. (December 22, 2005 Transcript, page 16, line 22 to page 17, line 10.)

## CONCLUSION

The Bankrupt has forfeited any right to complain about the shortened notice by participating in a full hearing on the merits. He asserts that he has been deprived of the right to present evidence of value, but since the bankruptcy court ordered conversion on grounds other than diminution in value, any error in shortening the notice time is harmless error. The determination of the

Bankruptcy Court that the case should be converted for cause is well founded and can be set aside only if the Bankruptcy Court abused its discretion.

The Bankruptcy Court found the Plan illusory and unfeasible, that it lacked funding, that the bankrupt was not serious about bankruptcy and that there is a lack of good faith. These are more than enough "causes". Coupled with the fact that the only real question is who is going to sell the real estate: The debtor in a Chapter 11 or the trustee in a Chapter 7, it is clear that the Bankruptcy Court's decision was correct and the Bankrupt's appeal should be denied.

FIFTH THIRD BANK

BY: _____
Jerold Jay Shapiro

Kamm & Shapiro, Ltd.
Attorneys for Plaintiff
318 West Adams Street-Suite 1700
Chicago, Illinois 60606
(312) 726-9777