**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN GUNARTT, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Case No. 06 C 273 |
| ) | |
| FIFTH THIRD BANK, ) | |
| ) | |
| Appellee. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

John Gunartt, representing himself, appeals from a bankruptcy judge's December 22, 2005 decision, converting his bankruptcy case from a chapter 11 case to a chapter 7 case. For the reasons stated below, the Court affirms the bankruptcy judge's decision.

Gunartt owns two properties in Chicago's Austin neighborhood. He has been remodeling them since the late 1990s, hoping to resell them for a profit in the future. So far, his endeavor has not been successful. In 2002, Fifth Third Bank foreclosed on his mortgage, and on June 26, 2005, he filed for chapter 11 bankruptcy. By filing under chapter 11, Gunartt hoped to continue operating his business in a manner acceptable to his creditors and at the same time realize some profit from his real estate investment.

On November 8, 2005, Fifth Third Bank noticed a motion, under 11 U.S.C. § 1112(b), to convert the bankruptcy case to a case under chapter 7. On November 16, the bankruptcy court conducted a hearing and granted Fifth Third's motion to convert, ruling that Gunartt's chapter 11 plan was not feasible because it lacked funding. *See* Nov. 16, 2005 Tr. at 20. On December 20, Gunartt filed a motion to vacate the bankruptcy court's November 16 ruling, and on December

22, the bankruptcy court denied the motion. This time, the court – without addressing the previous grounds for denying the motion – held that conversion was proper because Gunartt's filing was not made in good faith. The court said that it was bothered by Gunnart's tendency to change positions whenever a creditor objected to some aspect of his plan. See Dec. 22, 2005 Tr. at 35-36. Specifically, the court said that on November 16, Gunartt maintained that the creditors would be paid at confirmation but recanted that position once Fifth Third Bank raised an objection. *Id.* Gunnart has appealed the bankruptcy court's ruling, arguing that it erred by allowing the original motion to be placed on a shortened notice period without special cause and by converting the case without evidence that the value of his estate was diminishing.

Ordinarily, when a creditor files a motion to convert, a debtor is entitled to twenty days notice prior to the hearing. Fed. R. Bankr. P. 2002(a)(4). That time period can be shortened, however, in the discretion of the court, for cause shown. *Id.* 9006(c)(1). A debtor forfeits an objection to the length of the notice period if he proceeds with the hearing without making an objection. *See Kontrick v. Ryan*, 540 U.S. 443, 459 (2004).

In *Kontrick*, a creditor filed an objection to a debtor's discharge in bankruptcy several months after the statutory sixty day deadline for filing such complaints. The debtor answered the complaint and responded to the creditor's motion for summary judgment without raising the timeliness defense, and the bankruptcy court granted the creditor's motion for summary judgment. The debtor then moved for reconsideration, arguing that the complaint was not timely filed. The bankruptcy court ruled that the debtor had forfeited the issue, and the Supreme Court affirmed. The Court concluded that "the issue could be raised, at the latest, 'at the trial on the merits.'" *Id.* (quoting Fed. R. Civ. P. 12(h)(2)).

2

As in *Kontrick*, Gunartt's objection to the length of the notice period comes too late. Because he never raised the issue before or during the hearing on Fifth Third Bank's motion to convert, he forfeited his procedural objection once the bankruptcy court made its ruling.

Gunartt also contests the bankruptcy court's ruling on the merits, arguing that Fifth Third offered no evidence that the bankruptcy estate is diminishing in value. Under 11 U.S.C. § 1112(b), a bankruptcy court may convert a case from a chapter 11 case to a chapter 7 case for a number of reasons, including the "continuing loss or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(1). The bankruptcy court, however, did not convert the case for this reason. Rather, it converted the case for two other reasons authorized under section 1112(b): the plan was not feasible and Gunartt did not act in good faith.[1]

Gunartt has not articulated why the bankruptcy court erred in converting the case for these reasons (or even that the ruling was erroneous at all). Consequently, Gunartt has forfeited these arguments. Bankruptcy Rule 8010, which is derived from and is nearly identical to Rule 28(a)(9)(A) of the Federal Rules of Appellate Procedure, requires an appellant to include in his brief the "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on."[2] Though the Court construes a *pro se* appellant's brief liberally, a party – *pro se* or otherwise – must make

---

[1] Though these reasons are not explicitly listed in § 1112(b), courts agree that they justify conversion or dismissal under this section. *See In re Jartran Inc.*, 886 F.2d 859, 867 (7th Cir. 1989); 7 Collier on Bankruptcy ¶ 1112.04[5][b][iii][C] & 1112.07.

[2] Rule 28(a)(9) of the Federal Rules of Appellate Procedure similarly requires the appellant to include in his brief the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."

3

*some* argument on an issue in order to raise it on appeal. *See R.A.M. Al-Ra'id v. Ingle*, 69 F.3d 28, 31 (5th Cir. 1995) ("An appellant's brief must contain an argument on the issues that are raised, in order that we, as a reviewing court, may know what action of the district court is being complained of."). Where, as in this case, the appellant fails to contest one of the grounds on which the lower court rendered its judgment, the appellate court must affirm the lower court's ruling. *See Nagle v. Alspach*, 8 F.3d 141, 143-44 (3d Cir. 1993); *Williams v. Leach*, 938 F.2d 769, 772-73 (7th Cir. 1991) (affirming where plaintiff only challenged one of two independent grounds supporting the district court's ruling).

Gunartt has also moved to dismiss the current and ongoing proceedings, arguing that Fifth Third has no right to foreclose on his mortgage or to accelerate payments because he never defaulted on the loan. These arguments are premature, however, because they have not yet been raised in the bankruptcy court. *Niedert v. Rieger*, 200 F.3d 522, 527 (7th Cir. 1999) (stating that as a general rule, matters cannot be raised for the first time on appeal from the bankruptcy court). If Gunartt believes that Fifth Third's filed claim lacks merit, he should raise any defenses to the claim in the bankruptcy court.

**Conclusion**

For the foregoing reasons, the Court affirms the bankruptcy court's December 22, 2005 ruling and denies Gunartt's motion to dismiss [docket no. 11]. The Clerk is directed to enter judgment affirming the decision of the bankruptcy court.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 2, 2006